**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MARCELO BRITTO GOMEZ, | No. 17-60068 |
| Debtor. | BAP No. 13-1282 |
| ------------------------------ | |
| CARTER STEPHENS, | MEMORANDUM* |
| Appellant, | |
| v. | |
| MARCELO BRITTO GOMEZ; UNITED STATES TRUSTEE, LOS ANGELES, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Kurtz, and Pappas, Bankruptcy Judges, Presiding

Submitted February 19, 2019**

Before:  FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Carter Stephens appeals pro se from the Bankruptcy Appellate Panel's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("BAP") judgment affirming the bankruptcy court's orders dismissing for failure to prosecute Stephens's adversary proceeding and denying reconsideration of its dismissal order. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP, and apply the same standard of review that the BAP applied to the bankruptcy court's rulings. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by dismissing Stephens's adversary proceeding for failure to prosecute after it warned him that the case might be dismissed if he did not fulfill his obligations to prosecute the case. *See Moneymaker v. CoBEN (In re Eisen)*, 31 F.3d 1447, 1451-56 (9th Cir. 1994) (discussing factors for district court to weigh in determining whether to dismiss for failure to prosecute; noting that dismissal "should not be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" (citations and internal quotation marks omitted)).

The bankruptcy court did not abuse its discretion by denying Stephens's motion for reconsideration because Stephens did not demonstrate any grounds for reconsidering the bankruptcy court's prior order of dismissal. *See* Fed. R. Bankr.

P. 9023, 9024 (making Fed. R. Civ. P. 59 and 60 applicable to bankruptcy cases); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for reconsideration under Rules 59 and 60); *see also Lal v. California*, 610 F.3d 518, 524-26 (9th Cir. 2010) (discussing gross negligence of counsel as a basis for relief under Rule 60(b)(6)).

We treat Stephens's August 20, 2018 filing (Docket Entry No. 10) as a motion for leave to file a supplemental brief, and deny the motion.

**AFFIRMED.**

17-60068